UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRYL TATE**                                             **CIVIL ACTION**

**VERSUS**                                                   **NO. 14-2145**

**N. BURL CAIN, WARDEN**                      **SECTION: "F"(1)**

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **GRANTED**.

Petitioner, Darryl Tate, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On November 9, 1982, he pleaded guilty to second-degree murder and was sentenced to a mandatory term life imprisonment without benefit of parole, probation, or suspension of sentence.[1] The Louisiana Fourth Circuit Court of Appeal subsequently affirmed that conviction and sentence. State v. Tate, 454 So.2d 391 (La. App. 4th Cir. 1984).

On June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012)

---

[1] He also pleaded guilty to attempted first-degree murder and armed robbery; however, those convictions and the resulting sentences are not challenged in this proceeding.

Shortly thereafter, petitioner filed a motion to correct illegal sentence in the state district court, arguing that his sentence was unconstitutional under Miller. That motion was denied. However, the Louisiana Fourth Circuit Court of Appeal granted his related writ application and ordered that the case be "remanded for reconsideration after conducting a sentencing hearing in accord with the principles enunciated in Miller and stating the reasons for reconsideration and sentencing on the record …." State v. Tate, No. 12-1671 (La. App. 4th Cir. Dec. 19, 2012). The Louisiana Supreme Court then reversed that judgment and reinstated the judgment of the state district court, holding: "Miller does not apply retroactively in cases on collateral review as it merely sets forth a new rule of criminal constitutional procedure, which is neither substantive nor implicative of the fundamental fairness and accuracy of criminal proceedings." State v. Tate, 130 So.3d 829 (La. 2013). The United States Supreme Court thereafter denied the related petition for writ of certiorari. Tate v. Louisiana, 134 S. Ct. 2663 (2014).

Petitioner then filed the instant federal habeas corpus application seeking relief under Miller.[2] The state filed a motion to dismiss, arguing that petitioner's application should be dismissed because Miller is not retroactive to cases on collateral review.[3] Petitioner thereafter filed an unopposed motion to stay these proceedings until such time as the United States Supreme Court issued its opinion in Montgomery v. Louisiana,[4] and that motion was granted.[5] However,

---

[2] Rec. Doc. 1. Petitioner previously sought and was denied federal habeas corpus relief. Tate v. Cain, Civ. Action No. 97-2244 (E.D. La. Apr. 28, 1998). However, the United States Fifth Circuit Court of Appeals has granted him authorization to file this successive petition. In re Tate, No. 14-31105 (5th Cir. Oct. 29, 2014).

[3] Rec. Doc. 21. Motions to dismiss are arguably inappropriate in habeas proceedings. See Miramontes v. Driver, 243 Fed. App'x 855, 856 (5th Cir. 2007); Odom v. West, No. 98-40159, 1999 WL 153008 (5th Cir. Feb. 25, 1999). Moreover, in the briefing order, the state was ordered to file an "answer." Rec. Doc. 19. The Court hereby construes the state's motion as its answer in these proceedings.

[4] Rec. Doc. 32.

[5] Rec. Doc. 33.

the stay has now been lifted,[6] because the United States Supreme Court recently issued its opinion in Montgomery, holding that Miller is in fact retroactive:

> The Court now holds that Miller announced a substantive rule of constitutional law. The conclusion that Miller states a substantive rule comports with the principles that informed Teague. Teague sought to balance the important goals of finality and comity with the liberty interests of those imprisoned pursuant to rules later deemed unconstitutional. Miller's conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution.
> Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g., Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity -- and who have since matured -- will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
> Extending parole eligibility to juvenile offenders does not impose an onerous burden on the States, nor does it disturb the finality of state convictions. Those prisoners who have shown an inability to reform will continue to serve life sentences. The opportunity for release will be afforded to those who demonstrate the truth of Miller's central intuition -- that children who commit even heinous crimes are capable of change.

Montgomery v. Louisiana, 136 S. Ct. 718, 736 (2016).

Based on the record and the law, the undersigned finds the following conclusions inescapable:

1. Petitioner was seventeen years old when the crime at issue was committed,[7] and the state courts imposed as the sentence for that crime a *mandatory* term of life imprisonment without benefit of parole.

2. Petitioner's sentence is therefore unconstitutional under Miller.

---

[6] Rec. Doc. 40.
[7] State v. Tate, 130 So.3d 829, 832 (La. 2013).

3. The state courts denied petitioner relief under Miller based on a conclusion that Miller has no retroactive effect to cases on collateral review.

4. That conclusion is directly contrary to the United States Supreme Court's holding in Montgomery.

5. Therefore, petitioner is entitled to federal habeas corpus relief.

Accordingly, the Court must next determine what relief is appropriate. Miller does not forbid a juvenile offender from being sentenced to a term of life imprisonment without parole; rather, it forbids only the imposition of that punishment without an individualized sentencing determination. Accordingly, the undersigned finds that petitioner is entitled to be resentenced in conformity with Miller and that the state courts, in the first instance, are entitled to determine the appropriate sentence. Cf. Hills v. Cain, Civ. Action No. 11-0490, 2012 WL 3524759, at *3 (M.D. La. July 5, 2012) (making an analogous finding with respect to a sentence determined to be unconstitutional under Graham v. Florida, 560 U.S. 48 (2010)), adopted, 2012 WL 3524756 (M.D. La. Aug. 15, 2012).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petitioner's application for habeas corpus relief be **GRANTED**, that his sentence of life imprisonment without the benefit of probation, parole or suspension of sentence be **VACATED**, and that the state district court be **ORDERED** to resentence petitioner in conformity with Miller v. Alabama, 132 S. Ct. 2455 (2012), within ninety (90) days or, in the alternative, to release him from confinement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

    New Orleans, Louisiana, this third day of March, 2016.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[8] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.